IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL NO.  3:02CV66
(3:97CR22-9)

| | | |
|---|---|---|
| IVEY WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. §

2255 to vacate, correct or set aside his conviction and sentence.


# I.  PROCEDURAL HISTORY

On July 6, 1998, the Petitioner was indicted with one count of conspiracy to possess with

intent to distribute and distribution of cocaine, cocaine base, heroin and marijuana, in violation of

21 U.S.C. § 841, and with one count of money laundering, in violation of 18 U.S.C. § 1956.  On

July 10, 1998, the Government filed an information pursuant to 21 U.S.C. § 841(b) alleging that

the conspiracy involved in excess of 1.5 kilograms of cocaine base, in excess of 5 kilograms of

cocaine, and in excess of 1 kilogram of heroin.  The information did not address quantities of

marijuana.  After trial, the Petitioner was found guilty by jury verdict of both counts.   On

October 8, 1999, the undersigned sentenced the Petitioner to life imprisonment in connection

with the drug conviction and to 240 months imprisonment in connection with the money

laundering conviction. **Judgment in a Criminal Case, filed November 16, 1999.**

Petitioner appealed his convictions and sentences, raising as an issue the fact that his

sentence of life imprisonment was based on a judicial finding by the undersigned of the

quantities of drugs with which the conspiracy was involved. This finding, he correctly noted,

was based on a preponderance of the evidence, not a jury's finding beyond a reasonable doubt.

Thus, Petitioner argued on direct appeal that *Apprendi v. New Jersey*, 530 U.S. 466 (2000),

should be applied to his case. The Supreme Court held in *Apprendi* that other than a prior

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory

maximum must be submitted to the jury and proved beyond a reasonable doubt. It is undisputed

that in the Petitioner's case, this was not done. In addressing this issue on Petitioner's direct

appeal, the United States Fourth Circuit Court of Appeals held:

> "*Apprendi* dictates that in order to authorize the imposition of a sentence
> exceeding the maximum allowable without a jury finding of a specific threshold
> drug quantity, the specific threshold quantity must be treated as an element of an
> aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to
> the jury beyond a reasonable doubt." For this reason, as the Government
> acknowledges, "the imposition of sentences above 20 years' imprisonment [on the
> drug conspiracy count] in this case was error." Brief of Appellee at 48. We thus
> have to determine if this error requires us to grant appellate relief to any of the
> defendants. . . . If a defendant has made a timely and sufficient *Apprendi*
> sentencing objection in the trial court, and so preserved his objection . . . , we
> must reverse unless we find this constitutional error harmless beyond a reasonable
> doubt[.] But if a defendant has failed to make a timely and sufficient *Apprendi*
> sentencing objection and, therefore, failed to preserve his objection in the trial
> court, we can correct the forfeited error only if it constitutes "plain error" under
> Fed. R. Crim. P. 52(b).
>
> ● ● ●
>
> [C]lose review of the record reveals that, although [Petitioner] objected to the
> presentence report['s] drug quantity calculations, [he] never objected to the failure

> of the jury to find a specific drug quantity. [He] did not invoke *Jones v. United States*, 526 U.S. 227 [] (1999), or any other *Apprendi* precursor.

**United States v. Mackins**, 315 F.3d 399, 405-07 (4th Cir. 2003) (quoting **United States v. Promise**, 255 F.3d 150, 156-57 (4th Cir. 2001)). The Fourth Circuit thus concluded that because there was overwhelming and essentially uncontroverted evidence of the drug quantities, plain error did not occur because "even if the error here affected . . . Ivey Walker's substantial rights, it does not seriously affect the fairness, integrity, or public reputation of judicial proceedings so as to warrant notice." *Id.*, at 408.

Although the Fourth Circuit concluded that the Court erred in failing to sever the counts charging co-Defendant Willie Mackins with a counterfeit check scheme from the drug and money laundering counts, it found such error was harmless. *Id.*, at 415. Finally, the Circuit concluded that because Petitioner did not object to the submission of a general verdict to the jury, error sufficient to be noticed did not occur. *Id.*, at 415-16. The Petitioner's petition for a writ of *certiorari* to the Supreme Court was denied. **United States v. Mackins**, 539 U.S. 950 (2003).

While the Petitioner's direct appeal was pending, he filed a motion for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on February 20, 2002. Noting that such motions must be filed in the district of confinement, the undersigned dismissed it for lack of jurisdiction. **Memorandum and Order of Dismissal, filed July 26, 2002.** Petitioner appealed the dismissal and the Fourth Circuit agreed that *habeas* petitions must be brought in the district of confinement. **Walker v. Connor**, 72 Fed. Appx. 3 (4th Cir. 2003). Inexplicably however, despite acknowledging the lack of jurisdiction, the Circuit instructed the undersigned to construe the motion as one pursuant to 28 U.S.C. § 2255. *Id.* That was accomplished by Order in

compliance with *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), which provided the Petitioner with an opportunity to elect to have his *habeas* motion construed as one pursuant to § 2255 and to file any amended pleadings related thereto. **Order, filed September 29, 2003.** Petitioner thereafter filed a renewed *habeas* petition, a response to the Order of September 29, 2003, a memorandum of law, a brief, and a motion to amend. **Writ of *Habeas Corpus, ad subjiciendum* (sic), to the Honorable Lacy H. Thornburg, in chambers, filed October 21, 2003; Response to United States District Court Judge Lacy H. Thornburg's Order of September 29, 2003, filed November 10, 2003; Memorandum of points and authorities in support of the petitioner's amended motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255; Brief in support of Defendants (sic) claim of counsel was laboring under conflict of interest that wasn't knowingly and intelligently wavied (sic), filed July 6, 2004; and Motion to Amend under F.R.C.P. 15(A) and (H) along with the proposed Amendment, filed October 8, 2004.** Petitioner's second petition to the Fourth Circuit for a writ of mandamus was denied in August 2004. ***In re Ivey Walker*, 103 Fed. Appx. 745 (4th Cir. 2004).**

## II. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the

district court, the judge shall make an order for its summary dismissal and cause
the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

As to the Petitioner's claims that he received ineffective assistance of counsel,

[f]irst, the defendant must show that counsel's performance was deficient. This
requires showing that counsel made errors so serious that counsel was not
functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
Second, the defendant must show that the deficient performance prejudiced the
defense. This requires showing that counsel's errors were so serious as to deprive
the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, **466 U.S. 668, 686 (1984).** Unless a defendant makes both showings,

his claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show that

counsel's performance fell below objective standards of reasonableness and, that but for his

conduct, there was a reasonable probability the result would have been different. *Id.***, at 688;**

*Hill v. Lockhart*, **474 U.S. 52 (1985);** *Fields v. Attorney Gen.*, **956 F.2d 1290 (4ᵗʰ Cir. 1992).** If

the defendant fails to make the first showing, there is no need to consider the second. *Strickland,*

*supra***.**


### III. GROUNDS IN SUPPORT OF THE MOTION

In the first filing made with this Court, Petitioner makes the following claims in support

of the relief sought: (1) this Court had no jurisdiction to convict and sentence him because "the

verdicts on these counts are defective for want of jury unanimity;" (2) there was not a unanimous

verdict as to each element of the charge of conspiracy to possess with intent to distribute because

there was not a separate verdict as to each drug alleged; (3) because no allegations of the

indictment were specific as to the Petitioner in connection with the money laundering count, it is

impossible to determine which specific unlawful activity the jury found; (4) because of each of the above arguments raised, the imposition of sentence was illegal.

In the renewed motion for a writ of *habeas corpus*, the Petitioner claims he is being unlawfully detained because (1) the undersigned did not have the statutory jurisdiction pursuant to 18 U.S.C. § 3551 to incarcerate the Petitioner; (2) the Fourth Circuit never had jurisdiction to hear an appeal because no final judgment was entered; (3) the underlying criminal case remains pending; and (4) the jury verdict did not specify the drug with which he stood convicted. The Petitioner also renewed the grounds asserted in the first petition.

In response to the Court's Order, issued as a result of the Circuit's mandate, the Petitioner first claimed that he did not want his *habeas* petition construed as a motion pursuant to § 2255. **Response, *supra*.** However, he later submitted a pleading referring to the petition as one pursuant to § 2255 and another pleading asking that the *habeas* petition be amended to reflect that it was brought pursuant to § 2255. In connection with the § 2255 motion, Petitioner asserts the following grounds: (1) he received ineffective assistance of counsel because his attorney failed to object at his sentencing hearing to the fact that no drug quantities were alleged in the indictment and/or found beyond a reasonable doubt by the jury, despite the forecast of *Apprendi* established by *Jones v. United States*, 526 U.S. 227 (1999); (2) Petitioner received ineffective assistance of counsel because his attorney failed to object to the general verdict which did not specify the type of drug; (3) the undersigned committed error by failing to charge the jury that they must find the Petitioner was involved in one specific conspiracy; (4) the undersigned committed error by failing to properly charge the jury as to the money laundering count; (5) Petitioner received ineffective assistance of counsel because his attorney failed to request a

multiple conspiracies instruction; (6) Petitioner received ineffective assistance of counsel

because his attorney failed to challenge the indictment and jury instructions related to the money

laundering count because the preamble did not identify an overt act involving the Petitioner; (7)

the undersigned committed error by failing to poll the jury at the return of the verdict; and (8)

Petitioner received ineffective assistance because his attorney did not request a polling of the

jury.

After the above pleadings were filed, the Petitioner submitted yet another document

claiming that his trial attorney acted under an actual conflict of interest. On July 15, 1998, Deke

Falls was appointed to represent the Petitioner. On July 28, 1998, James Carson filed a notice of

appearance after having been retained to represent the Petitioner. On July 30, 1998, Mr. Carson

appeared with the Petitioner at the arraignment held on the superseding bill of indictment.

During that hearing, the United States Attorney advised the Court that Mr. Carson had

> a conflict with at least two unindicted co-conspirators. One is a Norman Williams
> who will testify directly against his client based upon the evidence as we now
> know it. Another former client of Mr. Carson's is Gloria Jean Holloway. She'll
> be testifying with regard to the conspiracy. She is not being questioned about Ivey
> Walker yet. I've informed Mr. Carson that I think these conflicts are
> insurmountable unless both Gloria Jean Holloway and Norman Williams waive
> any conflict, in addition to Mr. Walker waiving any conflict. The representation I
> have from Mr. Carson is that if these become insolvable or unsolvable conflicts,
> that Keith Stroud will be the attorney of record for trial[.]

**Transcript of Arraignment, filed August 28, 2003, at 2-3.** The Magistrate Judge inquired

whether Mr. Carson worked in the same office as Mr. Stroud and was assured that was the case.

*Id.* The Magistrate Judge then advised the Petitioner as follows:

> [Y]our lawyer represented witnesses, at least one witness and maybe two
> witnesses against you if you were to go to trail. And obviously Mr. Carson would
> have a hard time cross examining someone testifying against you because he can't

> use information he was given when he was their lawyer against them and it would be – so he would have a conflict of interest. What's being said [is] if that develops, that conflict, Mr. Keith Stroud would be your lawyer and would represent you if you went to trial and there was a conflict.

*Id.* When asked if he understood, the Petitioner responded that he did understand. *Id.* When asked if he agreed to have Mr. Carson represent him and Mr. Stroud at trial if the conflict arose, the Petitioner stated that he agreed. *Id.*, **at 3-4.**

At the trial, Mr. Carson continued to represent the Petitioner although both Norman Williams and Gloria Jean Holloway testified for the Government. Although unclear, it appears that a different attorney cross-examined those witnesses. However, the Petitioner argues that the failure of Mr. Carson to bring in Mr. Stroud at trial was a conflict of interest.

Finally, the Petitioner moved for leave to amend his § 2255 motion to assert a claim pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner argues that the enhancement for his role in the offense, as well as the drug quantities found by the Court, were calculated improperly.

## IV. DISCUSSION

The Court summarily dismisses the Petitioner's claim that there was no jurisdiction to try, convict, sentence and imprison him. The Court also summarily dismisses his claims that the criminal case remains open. To the extent that the Petitioner challenges his conviction on the basis of the general jury verdict, the Fourth Circuit addressed and rejected that claim on direct appeal. ***Mackins*, 315 F.3d at 416.** However, it may be that the intervening law of *United States v. Booker*, 125 S. Ct. 738 (2005), warrants reconsideration of this claim. ***Davis v. United States*,**

**417 U.S. 333, 342 (1974);** *Boeckenhaupt v. United States***, 537 F.2d 1182, 1183 (4ᵗʰ Cir. 1976);**

*Wagner v. United States***, 377 F.Supp.2d 505, 508 (D.S.C. 2005).**

The Court finds that the remaining grounds warrant a response from the United States

Attorney.  The Court is particularly concerned with the claim of ineffective assistance of counsel

for failure to raise the same arguments as made by counsel for co-Defendant Willie Mackins at

sentencing.   The impact of the *Booker* decision should, therefore, be addressed.


**V.  ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's claims that there was no

jurisdiction to try, convict, sentence and imprison him and that the criminal case remains open

are hereby **DENIED**, and that portion of his petition is hereby **DISMISSED WITH**

**PREJUDICE.**

**IT IS FURTHER ORDERED** that the United States Attorney shall respond on or before

30 days from entry of this Order to the remaining claims raised by the Petitioner.

**Signed: September 8, 2005**

Lacy H. Thornburg
United States District Judge