IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02cv66
[3:97cr22-9]

| | |
|---|---|
| IVEY WALKER, | |
| Petitioner, | |
| Vs. | MEMORANDUM OF DECISION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**THIS MATTER** is before the court on petitioner's "Motion Pursuant to Rule 15(c) Fed.R.Civ.P. and Rule 12 of the Rules Governing § 2255 Proceedings Relation Back" (#67) (hereinafter "Motion to Amend"). Having carefully considered such motion as well as the relevant pleadings underlying such motion, the court enters the following findings and conclusions based on preliminary review as provided by Rule 4, Rules Governing Section 2255 Proceedings.

### FINDINGS AND CONCLUSIONS

**I.     Initial Review of Petitioner's Motion**

In such motion, petitioner states that he "filed a § 2255 with this court on October 21, 2003...." Id., at 2. However, the court can find no Motion to Vacate filed on such date. Instead, review of the court's docket reveals that petitioner filed two § 2255 petitions with this court: the first, filed February 20, 2002 (3:02cv66); and the second, filed April 9, 2010 (3:10cv166). As petitioner has included in the instant motion the docket number from the first petition, the court will consider such motion as seeking to amend the Motion to Vacate filed in 3:02cv66.

Construing such motion in a light most favorable to petitioner, it appears that he is seeking leave to amend his original petition under Rule 15(c), Federal Rules of Civil Procedure. In arguing for leave to amend, petitioner states as follows:

This court vacated the sentence of life and imposed a 240-month sentence. The

-1-

> Court of Appeals for the Fourth Circuit reversed the district court based on their presumption that Walker did not object and join in the Sixth Amendment objection made by Willie Mackins [a co-defendant] at sentencing.
> This assertion is belied by the transcript the first day of trial that carries all the way through sentencing.

Motion (#67), at p. 2.[1] Petitioner attached to his motion a copy of the third page of the *trial* transcript,[2] where the court stated "note at the beginning of the transcript that all objections by defendants be considered for all." Motion (#67), "Exhibit 'A.'" Reading petitioner's instant motion liberally in conjunction with such exhibit, it would appear that he is contending that he should be allowed to amend his original petition to assert a claim of ineffective assistance of appellate counsel on direct review for failing to argue that he had joined in the Sixth Amendment objection of a co-defendant at *sentencing* based on the court's *trial* notation that "all objections by defendants be considered for all." Motion (#67), Ex. A.[3]

## II. Petitioner's First Section 2255 Motion

In the underlying Motion to Vacate, petitioner contended that his trial counsel was ineffective for failing to join in a co-defendant's Sixth Amendment objection at the time of sentencing. After conducting a hearing on such motion, Honorable Lacy H. Thornburg, United States District Judge,[4] held that trial counsel's failure to join in the Sixth-Amendment objection was a reasonable sentencing strategy and that petitioner's life sentence was not the result of constitutionally ineffective assistance of counsel. Nevertheless, the court held that defendant was entitled to be re-sentenced based on its belief that the appellate decision on direct review of

---

[1] The court notes that petitioner has conflated the record, inasmuch as the appellate court's determination that Apprendi was inapplicable to him occurred on direct review, while the reversal of the 240 month sentence occurred on appeal of Judge Thornburg's disposition of the original petition on collateral review.

[2] Such copy is unaccompanied by an affidavit; however, the court will consider such to be an accurate copy for the purpose of initial review.

[3] The court notes that while petitioner was sentenced the same day as his relevant co-defendants, the sentencings were noticed for different times.

[4] Judge Thornburg has since retired.

-2-

petitioner's case, United States v. Mackins *et al.*, 315 F.3d 399 (4th Cir. 2003), was inconsistent with a later decision of the Court of Appeals for the Fourth Circuit in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), a post-Booker case where the appellate court granted relief on direct appeal under plain error review.[5] Judge Thornburg imposed a 240 month term of imprisonment. See 3:07cr22-9 (#483). On review of such determination, the Court of Appeals reversed the district court, holding that Hughes had not "signaled a change in our treatment of Apprendi-Booker sentencing errors." United States v. Walker, 299 Fed. App'x 273, 277 (4th Cir. 2008). On December 30, 2008, consistent with the mandate of the appellate court, Judge Thornburg reimposed the original life sentence. See 3:97cr22, Doc. (#516).[6] Meanwhile, petitioner filed a petition for *writ of certiorari* in the United States Supreme Court as to the appellate court's October 31, 2008, decision, which was denied on March 2, 2009. See Court of Appeal docket 06:7582 (#s 61 & 62); see also Supreme Court docket 08-8428.

### III. Petitioner's Second Section 2255 Motion

In a second action filed under Section 2255, Walker v. United States, 3:10cv166-RLV (W.D.N.C. 2010), petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) was dismissed as untimely by Honorable Richard L. Voorhees, United States District Judge. Id., (#2). While the merits of that petition were not reached as the motion was time barred, review of that petition reveals that petitioner attempted to assert therein a claim that appellate counsel was ineffective for failing to bring to the attention of the appellate court that "there was an objection and the district court made a ruling on same." Motion Id., at ¶ 12. In support of such contention, plaintiff attached

---

[5] To summarize the direct review of petitioner's conviction and sentence, while petitioner and his co-defendants raised the *Apprendi* issue on direct appeal„the appellate court determined that because petitioner failed to join in a co-defendant's Sixth Amendment objection at sentencing, his *Apprendi* claim could only be reviewed for plain error. While the appellate court found plain error, it declined to exercise its discretion to recognize the error, concluding that the evidence overwhelmingly established drug quantities sufficient to support petitioner's life sentence.

[6] Petitioner's sentence of imprisonment was later reduced by Judge Thornburg under *Crack I* to 360 months. See 3:97cr22-9 (#541).

-3-

as "Exhibit 2" the same page of the trial transcript that he has attached to the motion now before the court.  Thus, the court concludes that petitioner is attempting herein to amend his original Motion to Vacate to assert a claim which Judge Voorhees has already determined is time barred.  See Walker v. United States, 3:10cv166-RLV (W.D.N.C. 2010).

## IV.  Discussion

Rule 15(c) allows amendments to relate back to earlier filings in certain circumstances.  In relevant part, Rule 15(c)(1)(B), provides as follows:

> (c) Relation Back of Amendments.
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> * * *
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . .

Fed.R.Civ.P. 15(c)(1)(B).  In United States v. Pittman, 209 F.3d 314, 316 (4th Cir. 2000), petitioner therein sought to amend his timely-filed § 2255 motion by asserting claims unrelated to any claim in his original motion.  The Court of Appeals for the Fourth Circuit held that the "new claims do not relate back to his original claims because they arise from separate occurrences of both time and type." Id., at 318 (quotation omitted).  The appellate court reasoned that if courts were to allow amendment simply because the amended claims relate to the same trial and sentencing proceedings as those in the original motion, such "would undermine the limitations period set by Congress in the AEDPA." Id.

Rule 15(c)(1)(B) provides that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out -- or attempted to be set out -- in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  As the Supreme Court stated in Mayle v. Felix, 545 U.S. 644 (2005), in the context of a *habeas* motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a *habeas* motion is considered timely, no matter how long after the original motion it is filed. Id., at 664.  Rather, a proposed amendment relates back to the date of the

-4-

original motion if it "state[s] claims that are tied to a common core of operative facts." Id. With respect to claims of ineffective assistance of counsel, a new claim of ineffective assistance of counsel does not relate back to an earlier asserted claim of ineffective assistance of counsel if the "new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" United States v. Gonzalez, 592 F.3d 675, 680 (5th Cir. 2009) (*quoting* Mayle v. Felix, 545 U.S. at 650), *cert. denied*, 131 S.Ct. 231 (2010).

Petitioner contends that he should be allowed to amend his original petition to assert a claim that his *appellate counsel* was ineffective on direct review for failing to argue that he had joined in the Sixth Amendment objection at *sentencing* based on the court's *trial* notation that "all objections by defendants be considered for all." See Motion (#67), Ex. A.[7] Petitioner fails to demonstrate, or even assert, that this new claim in any way relates back to any of the claims made in his original timely petition. After denying the bulk of petitioner's *pro se* claims, Judge Thornburg determined that petitioner's Section 2255 claims included (1) whether the petitioner received ineffective assistance of counsel because counsel failed to join in the *Apprendi* precursor arguments raised by co-counsel; (2) whether the petitioner received ineffective assistance counsel due to a conflict of interest. Order (#23), at 21. As ultimately construed, all of the claims in the original petition related to allegations of ineffective assistance of trial counsel. At best, the proposed amendment seeks to assert a new claim, which Judge Voorhees has already determined is time barred, that *appellate* counsel was ineffective by failing to bring to the attention of the appellate court on direct review the fact that the district court had noted at trial that "all objections by defendants be considered for all." Thus, petitioner's proposed new claim asserts "a new ground for relief supported by facts that differ in both time [here, sentencing versus appeal] and type [here, failure to preserve an issue for appeal versus failure to raise an argument that such issue was preserved] from those the original pleading set forth," Mayle, 545 U.S. at 650, and does not properly relate back to the timely-filed original

---

[7] The only other plausible reading of such contention in the instant motion would be that the appellate court erred in failing to consider the notation trial transcript, a contention which is not cognizable under Section 2255.

motion.[8]

## CONCLUSION

Upon consideration of the motion on preliminary review in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings, the court finds that petitioner is not entitled to any relief and therefore his Motion to Amend must be dismissed.

The court further finds that petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right). As a result, the court will decline issuance of a certificate of appealability.

---

[8] The court also notes the futility of such proposed amendment. Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987). Clearly, the trial court's blanket allowance of shared objections during the course of trial would have no application to objections made by co-defendants at sentencing.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that petitioner's "Motion Pursuant to Rule 15(c) Fed.R.Civ.P. and Rule 12 of the Rules Governing § 2255 Proceedings Relation back" (#67) is **DENIED**.

**IT IS FURTHER ORDERED** that the court declines to issue a certificate of appealability.

Signed: February 2, 2012

Max O. Cogburn Jr.
United States District Judge